# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

THOMAS D. CANDY, .Respondent *v.* ABRAM D. CANDY, Appellant.

*Breach of contract — measure of damage — Agreement to reside with person in consideration of board, etc. — Sale of furniture made necessary by so doing — loss upon such sale — cannot be recovered in action for breach of contract.*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages sustained by the plaintiff in consequence of a breach, by the defendant, of a contract by which the plaintiff was to live with, and take care of the defendant until his death, and to receive therefor his board and clothing and that of his wife. At the time of making the agreement the plaintiff was keeping house in Philadelphia, and when he left there in order to reside with the defendant at the latter's residence at East Hampton, Suffolk county, New York, he sold his furniture, alleged by him to be worth $470.13, for fifty-one dollars. This loss he sought to recover in this action, as one of the items of the damages sustained by him through the breach of the contract.

The court at General Term said: "I have not been able to discover any case which authorizes the recovery of the alleged loss upon the sale of plaintiff's furniture in Philadelphia. Assuming the agreement as proven by plaintiff, he was to remain with defendant during his natural life, to take care of him and be his companion, 'for which service I was to receive the board and clothing for myself and wife.' The sale of the furniture was one of the sacrifices which plaintiff made to be able to enter into the contract. Defendant did not agree to pay the loss on the

sale of the furniture, nor did he request a sale to be made at a sacrifice. The loss upon the furniture did not in any sense result from a breach of the contract. The defendant did not agree to restore the furniture sold, in case of a breach of the contract by him. The furniture did not enter into the contract, nor does the loss upon the sale thereof flow from the breach of the contract. It was, therefore, error to admit the proof of loss on the sale by plaintiff, under defendant's objection.

The judgment should be reversed and a new trial ordered, costs to abide event."

*J. Lawrence Smith*, for the appellant. *E. A. Carpenter*, for the respondent.

Opinion by BARNARD, P. J.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Judgment and order denying new trial reversed, and new trial ordered, costs to abide event.